# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VAUGHN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 17cv2365-LAB (BLM)<br><br>**ORDER OF DISMISSAL [Dkt. 3]** |

About a decade ago, Robert Vaughn borrowed $245,000 to buy a house. In 2011, Vaughn entered a loan modification agreement with Wells Fargo. Soon after, he defaulted. In 2017, Wells Fargo started foreclosure proceedings. Vaughn sent the Bank two letters asking for documents proving Wells Fargo had standing to foreclose. He says Wells Fargo responded with too little, too late. Vaughn invoked this Court's diversity jurisdiction and filed suit. Wells Fargo moved to dismiss, and Judge Benitez recused.

Vaughn's complaint raises two issues. First, he alleges Wells Fargo's response to his 2017 letters was inadequate. Second, he alleges the 2011 loan modification was defective because it omitted important details, like the proposed interest rate. He says these two miscues entitle him to an injunction halting foreclosure proceedings, money for emotional distress, and punitive damages to punish Wells Fargo. The Court disagrees. Because he's failed to state a claim that entitles him to relief for either issue, Wells Fargo's motion to dismiss is granted. Fed. R. Civ. P. 12(b)(6).

## A. Qualified Written Request (2017)

Under the Real Estate Settlement Procedures Act § 2605, servicers like Wells Fargo must respond to qualified written requests, otherwise they're liable to the borrower for any actual damages as a result of not responding. 12 U.S.C. § 2605(e),(f). Vaughn says Wells Fargo violated this section by failing to answer his letters from early 2017 on time and with sufficient information. But the Bank's failure to answer Vaughn's 2017 letters didn't cause him any actual damages. Vaughn's opposition concedes as much: Wells Fargo has now produced the documents he wanted a year ago—none of this paperwork would have changed Wells Fargo's ability to foreclose on him last year.

Vaughn maintains he's "incurred court fees." But he can't establish the requisite financial damages for his underlying claim by bringing a lawsuit. "If such were the case, every RESPA suit would inherently have a claim for damages built in." *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Vaughn also says he "suffered slander" because the Bank notified "credit reporting agencies" about the "illegitimate foreclosure proceedings." But he hasn't explained why the foreclosure is illegitimate, and it's not enough for him to generally allege his credit took a dive—he needs to show a causal connection between the failure to respond to the written request and the harm. *See, e.g.*, *Durland v. Fieldstone Mortg. Co.*, 2011 WL 805924, at *3 (S.D. Cal. Mar. 1, 2011) ("Plaintiff does not allege any causal link between the reduction in his credit rating and [the] failure to adequately respond to his QWRs."). Finally, Vaughn alleges Wells Fargo was unjustly enriched by not providing this information. How so?

Vaughn hasn't alleged any plausible allegations that Wells Fargo's failure to answer his written request caused him pecuniary damages. *See, e.g.*, *Molina v. Washington Mutual Bank*, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010). This claim is dismissed.[1]

---

[1] The Court agrees with Vaughn that Wells Fargo's arguments about the underlying merger with World Savings Bank, and the statute of limitations starting in 2011, missed the mark. The issue is whether the Bank's failure to respond to Vaughn's letters violated the requirements under RESPA. His complaint also alluded to an FDCPA claim, but as the Court reads his pleading, he didn't allege a cause of action under this Act.

**B.    Loan Modification (2011)**

Vaughn's state claims turn on his argument that Wells Fargo's 2011 loan modification failed to include his loan balance, interest rate, and amortization schedule. He's wrong about two of the three: The modification agreement Vaughn filed *does* provide a loan balance ($246, 604.29) and proposed interest rates (4.7% to 5.875%). The only item missing is a traditional amortization schedule laying out future payments. Vaughn hasn't offered plausible allegations that explain how this missing schedule entitles him to an order preventing Wells Fargo from foreclosing, or to emotional distress damages, six years later.

**1.    Cal. Civ. Code § 2920.5**

Vaughn argues Wells Fargo's failure to include the amortization schedule with the loan modification agreement violated California's Homeowner's Bill of Rights. But the California legislature enacted the Bill in 2013. Vaughn alleges the defective loan modification happened in 2011. Since the Bill doesn't apply retroactively, he can't sue Wells Fargo for failing to comply with a law passed two years after their agreement. *See Sabherwal v. Bank of New York Mellon*, 2013 WL 4833940, at *10 (S.D. Cal. Sept. 10, 2013). This claim is dismissed.

**2.    Fraud**

Vaughn also argues the missing amortization schedule amounts to fraud. The Court acknowledges that some courts have allowed fraud claims for omitting details of negative amortization to survive motions to dismiss. *See, e.g.*, *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230 (2011). But here, Vaughn hasn't pled a plausible fraud claim under Rule 8 or 9. The closest he gets is saying Wells Fargo entered the loan modification "with the intent to deceive Plaintiff into entering an agreement for which they did not understand the terms." That's not good enough. Among other problems, Vaughn hasn't plausibly alleged justifiable reliance or damages. Stated another way: how did the missing amortization schedule cause him to default on his loan? This claim is dismissed.

/ / /

/ / /

### 3. Cal. Bus. & Prof. Code § 17200

Finally, Vaughn says leaving out the amortization schedule amounted to an unfair business practice. He appears to rely on the same fraud theory above. The Court finds his "claim is derivative of the previous claims which the Court has determined do not state a claim upon which relief can be granted." *Sabherwal*, 2013 WL 4833940, at *9. Vaughn also hasn't explained how this missing amortization schedule gives him standing under § 17204—instead, his damages appear to have resulted from his "own default on the loan"—not "the defendants' allegedly unfair conduct." *Bernardi v. JPMorgan Chase Bank, N.A.*, 2012 WL 2343679, at *5 (N.D. Cal. June 20, 2012). This claim is also dismissed.

* * *

Here's the bottom-line: Vaughn failed to pay the money he owed and Wells Fargo initiated foreclosure proceedings. Vaughn hasn't offered plausible allegations that he's entitled to money or an injunction because the loan modification from seven years ago was missing an amortization schedule, or because the Bank failed to respond to his inquiry last year with paperwork confirming it was the beneficiary. But given the Ninth Circuit's liberal amendment policy, if Vaughn thinks he can fix the problems identified by Wells Fargo and the Court, he may file an amended complaint by June 15, 2018. If he doesn't, the Court will dismiss the action.

**IT IS SO ORDERED**.

Dated: May 25, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge